IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSE DIVISION

| | |
|---|---|
| AISHA LAMB, | ) |
| | ) |
| Plaintiff, | )   4:17-cv-00432 |
| | ) |
| v. | ) |
| | ) |
| FIRST ADVANTAGE BACKGROUND | ) |
| SERVICES CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, AISHA LAMB, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, FIRST ADVANTAGE BACKGROUND SERVICES CORPORATION, Plaintiff states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended.*

## THE PARTIES

2. Plaintiff Aisha Lamb is an adult individual who resides in Tallahassee, FL.

3. Defendant First Advantage Background Services Corporation (hereafter "First Advantage") is a consumer reporting agency which conducts business in the Northern District of Florida and has a primary office located at 1000 Alderman Drive, Alpharetta, GA 30005.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## **FACTUAL ALLEGATIONS**

6. Defendant has been reporting derogatory and inaccurate statements about Plaintiff and Plaintiff's purported criminal history to third parties (hereafter "inaccurate information").

7. The inaccurate information includes, but is not limited to a felony charge for passing a counterfeit instrument against Plaintiff, which should not have appeared on Plaintiff's report based on the Court Order to Seal in October 2013.

8. Defendant, however, has been inaccurately reporting this criminal history on Plaintiff's consumer reports. First Advantage is inaccurately showing a felony charge on its report dated in or around May 2017.

9. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate consumer reports that it has disseminated and resold to various persons, both known and unknown.

10. In or around May 2017, Plaintiff applied for and was denied an apartment rental with Century Crosstown; First Advantage sold an inaccurate report to this third party about Plaintiff.

11. The basis for this denial was the inaccurate information that appears on Plaintiff's consumer report prepared by the Defendant, which was a substantial factor for the denial.

12. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost rental opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

13. At all times pertinent hereto, the Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

14. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I –
## FIRST ADVANTAGE VIOLATIONS OF THE FCRA

15. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

16. At all times pertinent hereto, the Defendant was each a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

17. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

18. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

19. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §1681e(b).

20. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, the Defendant is liable to Plaintiff for the full

amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation.

## JURY TRIAL DEMAND

21.  Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

By:  s/ David M. Marco
Attorney for Plaintiff

Dated: September 26, 2017

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:   (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:         dmarco@smithmarco.com